UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PAVONE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MYZSA WILLIS, et al., <br><br> Defendants. | Case No.: 3:22-cv-137-L-JLB <br><br> **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 1, 2022, Plaintiffs Benjamin Pavone, Pavone & Fonner, LLP, and Law Offices of Benjamin Pavone, P.C. ("Plaintiffs") filed this civil action against Defendants Myzsa Willis, Judge Kenneth Medel, Justice Joan K. Irion, Justice Terry O'Rourke, and Justice Truc Do ("Defendants").

This action relates to a fee dispute between Plaintiffs and Defendant Willis, their former client. Defendant Judge Medel presided over that dispute. Plaintiffs appealed to the California Court of Appeals. The panel—Defendants Justice Irion, Justice O'Rourke, and Justice Do—affirmed the judgment. Plaintiffs then sought review at the California Supreme Court. Plaintiffs assert one claim against Defendants under 42 U.S.C. section 1983.[1] Plaintiffs seek to invalidate the adverse state court judgment.

---

[1] To pursue a section 1983 claim, a plaintiff must show the defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) ("section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (internal quotation marks and citation omitted); *Villegas v. Gilroy Garlic Festival Ass'n*, 541

On February 8, 2022, the Court issued an order to show cause as to why it should not dismiss this action for lack of subject matter jurisdiction. (ECF 3). Plaintiffs filed a response. (ECF 6).

Under the *Rooker-Feldman* doctrine, this Court is precluded from exercising subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (the "*Rooker-Feldman* doctrine precludes federal adjudication of a claim that amounts to nothing more than an impermissible collateral attack on prior state court decisions.") (internal quotation marks and citation omitted). That limitation "applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("federal district courts do have jurisdiction over a 'general constitutional challenge,' i.e., one that does not require review of a final state court decision in a particular case."); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (affirming 12(b)(1) dismissal under *Rooker-Feldman* doctrine).

Here, Plaintiffs argue the state court judges erred when ruling on their case or failed to consider arguments they raised throughout the proceedings. (ECF 6). Plaintiffs seek a declaration and an injunction related to the adverse fee decision. More specifically, they ask the Court "to invalidate the state court judgment." (ECF 1, Complaint at ¶ 10); (*Id.* at p. 3); (Exhibit E).

---

F.3d 950, 954 (9th Cir. 2008). There are several potential immunities applicable to section 1983 claims. *See, e.g.*, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("absolute immunity is generally accorded to judges . . . functioning in their official capacities.")

Plaintiffs cannot collaterally attack the state court decision through this federal action. The Court lacks subject matter jurisdiction over the matter. *Exxon Mobil Corp.*, 544 U.S. at 284; *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003); *Doe & Assocs. Law Offices*, 252 F.3d at 1030 ("The purpose of the [*Rooker-Feldman*] doctrine is to protect state judgments from collateral federal attack."); *Ignacio*, 453 F.3d at 1166 (district court lacked subject matter jurisdiction where the federal "complaint [was] nothing more than another attack on the California superior court's determination in [a] domestic case.") No amendment would cure this deficiency. Therefore, this action is **dismissed without leave** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated: April 5, 2022

_____
Hon. M. James Lorenz
United States District Judge